UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HUE EDWARD DEEN,

            Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

CASE NO. C15-05791BHS

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 27 at application date

Principal Disabilities Alleged by Plaintiff: Seizures, depression, attention-deficit/hyperactivitity disorder ("ADHD"), anxiety, posttraumatic stresss disorder ("PTSD"), sleep apnea, memory loss

Disability Allegedly Began: January 1, 1990

Principal Previous Work Experience: Forklift driver, warehouse laborer, staffing agency employee

Education Level Achieved by Plaintiff: GED and vocational school

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Cynthia D. Rosa:

    Date of Hearing: January 13, 2015; hearing transcript AR 555-88

    Date of Decision: April 20, 2015

    Appears in Record at: AR 493-526

    Summary of Decision:

        The claimant has not engaged in substantial gainful activity since October 25, 2010, the application date. The claimant has the following severe impairments: major depressive disorder, panic disorder with agoraphobia, and PTSD. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

        The claimant is unable to perform any past relevant work. Considering the claimant's residual functional capacity, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since October 25, 2010, the application date.

Before Appeals Council:

    Date of Decision: August 28, 2015

    Appears in Record at: AR 474-78

ORDER - 2

Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Hue Edward Deen ("Deen"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172

F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. § 416.920.  The claimant bears the burden of proof during steps one through four.  *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing the medical evidence in the record?
2. Did the ALJ err in assessing Deen's testimony?
3. Did the ALJ err in assessing the lay witness testimony?
4. Did the ALJ err in assessing Deen's residual functional capacity ("RFC") and therefore in determining that Deen could perform other work at step five?

## VII. DISCUSSION

Deen appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 11. The Court addresses the alleged errors in turn.

**A.    Medical Evidence**

Deen argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 11 at 3-11. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Id*. at 830. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id*. at 830-31.

### 1. Jack Norris, Ph.D.

Deen argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of evaluating psychologist Jack Norris, Ph.D.  *See* Dkt. 11 at 4-5.  The Court agrees.

Dr. Norris evaluated Deen in November of 2010 and diagnosed him with ADHD (by history), social phobia, depression not otherwise specified, antisocial personality disorder, and learning disorder not otherwise specificed (by history).  *See* AR 363.  He opined that Deen was severely impaired in his ability to communicate and perform effectively in a work setting with even limited public contact and to maintain appropriate behavior in a work setting.  *See* AR 364.

The ALJ gave Dr. Norris's opinion "very little weight" for several reasons, none of which is specific, legitimate, and supported by substantial evidence.  *See* AR 511. First, the ALJ found that the limitations to which Dr. Norris opined were inconsistent with Deen's activities at community college, noting that while Deen avoided social interaction at school, he "did well in the hands-on shop portion away from others."  *See id*.  The ALJ appears to draw this conclusion from Deen's testimony at the hearing.  *See* AR 506, 581-82.  However, Deen actually testified that "on the days when…[he] could function normally," he felt more successful at the shop portion where he could be alone, but that his anxiety ultimately caused him to be unable to go to school two days a week, resulting in academic probation.  *See* AR 576-77, 581-82.  Therefore, substantial evidence does not support the conclusion that Deen's participation in school was inconsistent with Dr. Norris's opinion.  In fact, Deen's testimony regarding his

community college participation supports Dr. Norris's opinion that Deen is severely limited in his ability to perform effectively for a five-day, 40-hour work week with even limited public contact.

Second, the ALJ stated that the evaluation was performed for the purpose of determining Deen's eligibility for state benefits and that the state system is not comparable to the social security disability process. *See* AR 511. However, absent "evidence of actual improprieties," the purpose for which a medical report is obtained is not a legitimate basis for rejecting it. *See Lester*, 81 F.3d at 832.

Finally, the ALJ discounted Dr. Norris's opinion because she believed that the mental status examination ("MSE") results did not support the opined limitations and that Dr. Norris's opinion was therefore based primarily on Deen's subjective complaints. *See* AR 511. According to the Ninth Circuit, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Therefore, "when an opinion is not more heavily based on a patient's

self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, Dr. Norris included many of Deen's self-reports in his evaluation report. *See* AR 363, 366-67, 369-71. However, "[a] patient's report of complaints, or history, is an essential diagnostic tool," and "[a]ny medical diagnosis must necessarily rely upon the patient's history and subjective complaints." *Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997) (citation omitted). In particular, "[m]ental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms," so "[t]o allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders." *Ferrando v. Comm'r of Soc. Sec. Admin.*, 449 Fed. Appx. 610 n.2 (9th Cir. 2011).

Dr. Norris also reviewed the medical records and performed an objective MSE. *See* AR 362, 368. The MSE is conducted by medical professionals skilled and experienced in psychology and mental health. "[E]xperienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The Mental Status Examination allows the organization, completion, and communication of these observations." Paula T. Trzepacz & Robert W. Baker, *The Psychiatric Mental Status Examination* 3 (1993). A mental health professional is trained to observe patients

1  for signs of their mental health not rendered obvious by the patient's subjective reports,
2  in part because the patient's self-reported history is "biased by their understanding,
3  experiences, intellect, and personality" (*id.* at 4), and in part because it is not uncommon
4  for a person suffering from a mental illness to be unaware that her "condition reflects a
5  potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.
6  1996) (citation omitted).

7  Dr. Norris charted results from the MSE that provided support for his ultimate
8  opinion, including poor eye contact, impaired abstract thought, poor insight and
9  judgment, and paranoia. *See* AR 368. Elsewhere in his report, Dr. Norris noted that he
10 observed anxiety around people, a confrontative style of interacting, impaired ability to
11 stay attentive, and poor social skills. *See* AR 363-64, 367. The ALJ stated that some of
12 Dr. Norris's observations were inconsistent with the severe limitations to which he
13 ultimately opined, noting that Dr. Norris found Deen to be "cooperative with normal
14 speech" during the MSE. *See* AR 511. However, that Deen was cooperative during the
15 short MSE portion of the evaluation does not undermine that Dr. Norris observed a
16 confrontative style over the course of their entire interaction, leading him to find that
17 Deen would have severe social impairments in a full-time workplace. The ALJ also
18 noted that Dr. Norris found that Deen "completed psychological tests after being
19 instructed once" but opined to moderate impairment understanding, remembering, and
20 persisting at complex tasks. *See* AR 511. However, Deen's performance on the MSE
21 showed moderate short-term memory impairment, as he needed recognition for full
22 retrieval of four objects after five minutes. *See* AR 364, 368. The ALJ's finding that Dr.

Norris's report was internally inconsistent and improperly reliant on Deen's self-reports is not supported by substantial evidence. The ALJ therefore erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Norris's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id*. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id*. at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ fully credited the opinion of Dr. Norris, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

### 2. Other Medical Opinions

In assessing Deen's RFC, the ALJ ultimately relied on only two medical opinions – that of examining psychologist Brian VanFossen, Ph.D., and that of nonexamining state agency psychological consultant Michael Brown, Ph.D. *See* AR 518. Dr. VanFossen evaluated Deen in September of 2012 and opined that he had moderate cognitive and social limitations. *See* AR 747. Dr. Brown opined in February of 2011 that plaintiff had no more than moderate social limitations except for a marked limitation in interacting with the public. *See* AR 80, 82. The ALJ gave this opinion great weight, stating that it was consistent with Deen's activities and the clinical observations in the record. *See* AR 512. However, as described above, the ALJ's interpretation of Deen's activities and the clinical observations in the record was flawed. *See infra*, VII.A.1. Also, Dr. Brown's opinion predates several consistent opinions from evaluating psychologists who opined to marked or severe social limitations. *See* AR 463-64, 763, 853-54.

The ALJ gave greater weight to Dr. Brown's and Dr. VanFossen's opinions than to the opinions of six evaluating physicians. *See* AR 509-17. Each of these evaluating physicians found marked or severe social workplace impairments. *See* AR 408, 423, 431, 463-64, 763, 853-54. While the Court does not find it necessary to analyze separately the ALJ's rejection of each of these opinions, the Court notes that the ALJ provided largely the same reasons that she did in improperly discounting Dr. Norris's opinion. *See* AR 509-517.

## B. Remand for an Award of Benefits

Deen alleges that the ALJ erred in several other areas, including evaluating other medical evidence, Deen's testimony, and the lay witness testimony. *See* Dkt. 11. However, considering the ALJ's error in evaluating Dr. Norris's opinion and the medical evidence as a whole, the final question requiring resolution is whether the Court should, at its discretion, remand this case for further proceedings or for an award of benefits.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

1      Here, the ALJ failed to provide a legally sufficient reason to discount Dr. Norris's
2 opinion. *See infra*, VII.A.1.  Plaintiff has already had two hearings before this ALJ,
3 including one hearing after this Court ordered a remand of the first decision denying
4 benefits.  *See* AR 496.  Once again, the ALJ has failed to issue a decision that is free of
5 legal error and supported by substantial evidence in the record.

6      Second, there are no outstanding issues that must be resolved.  All of Deen's
7 evaluating psychologists opined to significant social limitations, and the vast majority
8 opined that those limitations, including the ability to maintain appropriate behavior in a
9 workplace, were marked or severe.  *See* AR 364, 408, 423, 431, 463-64, 763, 853-54.

10     Third, crediting Dr. Norris's opinion as true, Deen would be required to be found
11 disabled.  Dr. Norris opined that Deen was severely impaired in his ability to
12 communicate and perform effectively in a work setting with even limited public contact
13 and to maintain appropriate behavior in a work setting.  *See* AR 364.  Social Security
14 Ruling 96-9p states that even unskilled work requires certain mental activities, including
15 responding appropriately to supervision, coworkers, and usual work situations.

16     Accordingly, the Court finds that the record has been fully developed in this case,
17 and that remanding for further proceedings "would serve no further purpose." *Smolen*, 80
18 F.3d at 1292; *Holohan*, 246 F.3d at 1210.  Indeed, allowing the Commissioner to decide
19 these issues again "would create an unfair 'heads, we win; tails, let's play again' system
20 of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.
21 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the
22 "Commissioner, having lost this appeal, should not have another opportunity . . . any

1  more than [the claimant], had he lost, should have an opportunity for remand and further
2  proceedings."). This is especially true in this case, in which Deen had previously been
3  found disabled. *See* AR 44. Deen's disability benefits were terminated when he became
4  incarcerated for an offense of which he was later exonerated and released from prison,
5  but he was denied benefits upon re-application. *See id.* Because review of the record as
6  a whole does not create serious doubt that Deen is disabled, the Court remands the case
7  for an immediate award of benefits.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Deen disability benefits is **REVERSED AND REMANDED** for an immediate award of benefits.

Dated this 5th day of October, 2016.

BENJAMIN H. SETTLE
United States District Judge